**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**JAMES WINDING, #K8115**                                      **PLAINTIFF**

**VS.**                             **CIVIL ACTION NO: 5:12cv88-DCB-JMR**

**LILLIE BLACKMON SANDERS;
ADAMS COUNTY JAIL; CRAIG GODBOLD;
KEVIN COLBERT; NATCHEZ POLICE DEPARTMENT;
CHRISTOPHER EPPS and RONNIE HARPER**              **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter is before the Court on the Motions to Dismiss filed by Adams County Jail [12]; City of Natchez, Mississippi Police Department [Natchez PD] and Craig Godbold's Motion to Dismiss [36]; Christopher Epps, Ronnie Harper, and Lillie Blackmon Sanders' Motion to Dismiss [41]; Kevin Colbert's Motion to Dismiss [44]; and the Plaintiff, James Winding's, Motions to Amend [14, 15] to Add New Defendants; Motion to Amend [16, 26] to Add New Relief Sought; Motion to Compel [18]; Motion to Strike [25] the Motion to Dismiss filed by Adams County Mississippi; Motions to Appoint Counsel [28, 40]; Motion to Amend/Correct [29] Notice of Removal; Motion to Amend [30] and Submit Adams County, Mississippi; Motion for Default Judgment [31] against Kevin Colbert, Craig Godbold and Natchez PD; Motion to Supplement Kidnapping Charge [46]; Motion to Strike [49]; Motion for Partial Summary Judgment [50]; Motions for Sanctions [51, 56]; Motion for Entry of Default [52] against Kevin Colbert; Motion to Submit NCIS Report [53]; Motion to Bring Claim of Malicious Prosecution [54]; Motion to Bring Claim of Conspiracy [55]; Motion to Submit Letter [57] from NAACP; and Motion to Request Jury Trial [58]. The Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, recommends that the Defendants' Motions to Dismiss are well taken, and should be granted, and

further recommends that the Plaintiff's Motions should be denied as moot.

## STATEMENT OF CASE

The plaintiff, James Winding [Winding], was convicted of charges of kidnapping and sexual battery on September 24, 2003. *Winding v. State*, 908 So.2d 163, 164 (Miss. App. 2005). According to Winding, he was never arrested, finger printed or booked on a charge of sexual battery, only on the kidnapping charge. [1-2, p. 5.] He contends that he is a victim of unlawful arrest and entitled to damages for this claim. Winding asserts that he can maintain a cause of action under § 1983 for illegal arrest and detention. [25, p. 2.]

Adams County asserts that the statute of limitations has run on any claims Winding might advance relating to the September 24, 2003, conviction. [1, Exh. B.] Adams County also asserts that Winding's claims are barred under *Heck v. Humphrey*[1]. [13, p. 4.]

The Natchez PD asserts that it cannot be sued as a party. [37, p. 1.] A police department is not a separate legal entity aside from the City itself which is subject to suit, according to the Natchez PD. (*Id.*, p. 3.) In addition, the Natchez PD and Godbold assert that they are entitled to dismissal under *Heck*, because Winding cannot challenge the validity of a criminal conviction in a civil suit brought under 42 U.S.C. § 1983. (*Id.*)

Christopher Epps [Epps], Commissioner of the Mississippi Department of Corrections [MDOC]; District Attorney Ronnie Harper [Harper]; and Circuit Court Judge Lillie Blackmon Sanders [Sanders] assert that the claims brought against them should be dismissed under *Heck*. [42, p. 1.] Epps contends that the complaint fails to state a claim under § 1983 against him. (*Id.*) In addition, these defendants argue that Winding's claims brought under § 1983 are barred by the

---

[1] 512 U.S. 477 (1994).

general three-year statute of limitations under Mississippi Code Annotated § 15-1-49. [66, p. 4.] Finally, these defendants assert that the claims against Harper and Sanders are barred by absolute judicial immunity. (*Id*., p. 5.) In addition, claims brought against Harper are barred by prosecutorial immunity, according to these defendants. (*Id*.)

Kevin Colbert [Colbert] filed a motion to dismiss, stating that he did not act "under color of state law" when he represented Winding as an indigent defendant in the trial of Winding's criminal charges. [44, p. 1.]

Winding filed various motions, including a Motion to Amend [14, 15] to Add New Defendants; Motion to Amend [16, 26] to Add New Relief Sought; Motion to Compel [18]; Motion to Strike [25] the Motion to Dismiss filed by Adams County, Mississippi; Motions to Appoint Counsel [28, 40]; Motion to Amend/Correct [29] Notice of Removal; Motion to Amend [30] and Submit Adams County, Mississippi; Motion for Default Judgment [31] against Kevin Colbert, Craig Godbold and Natchez PD; Motion to Supplement Kidnapping Charge [46]; Motion to Strike [49]; Motion for Partial Summary Judgment [50]; Motion for Sanctions [51]; Motion for Entry of Default [52] against Kevin Colbert; Motion to Submit NCIS Report [53]; Motion to Bring Claim of Malicious Prosecution [54]; Motion to Bring Claim of Conspiracy [55]; Motion for Sanctions [56] Against Defendants; Motion to Submit Letter [57] from NAACP and a Motion to Request Jury Trial [58].

Following his conviction in 2003 in the Circuit Court of Adams County, Mississippi, of kidnapping and sexual battery, Winding was sentenced to serve thirty (30) years in prison in the custody of the Mississippi Department of Corrections [MDOC], with the sentences to run concurrently. *Winding*, 908 So.2d at 164. According to Winding, he was never booked on the

charge of sexual battery. [1-2, p. 5.] He claims that his conviction for sexual battery violated his due process rights because he contends he should not have been convicted or sentenced "on a charge for which he was never properly booked on." [*Id*., p. 6.] He seeks injunctive relief and a declaration that his constitutional rights were violated [*Id*., p. 5.] He also seeks monetary damages of an unspecified amount. (*Id*.)

Winding filed his *pro se* complaint against these defendants arguing that all named defendants conspired together to place him in prison on a sexual battery charge based on a "non-existent on federal NCIC report." [49, p. 1.] He claims that Adams County Jail's contentions concerning the applicability of *Heck* to this case "fall short" because he was never charged for sexual battery and should never have been convicted or sentenced on that charge. [25, pp. 1-2.] Winding asserts that he sued Adams County Jail 'in both their officel(s) and individual capacity, failure to comply with Judicial determination(s) of legally charging Plaintiff Winding with sexual battery, generally in comply with promptness requirement of Fourth Amendment." [25, p. 2.]

## **STANDARD OF REVIEW**

Under Rule 12(b) all allegations in the complaint are accepted as true and all inferences are drawn in favor of the non-moving party. *Bustos v. Martini Club Inc.,* 599 F.3d 458, 461 (5th Cir. 2010). Those facts, "taken as true, [must] state a claim that is plausible on its face." *Amacker v. Renaissance Asset Mgmt. LLC,* 657 F.3d 252, 254 (5th Cir. 2011). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

## ANALYSIS

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. *See Muhammad v. Close*, 540 U.S. 749, 751 (2004). Where the success in a prisoner's § 1983 damages action would implicitly question the validity of their conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal *habeas*, opportunities to challenge the underlying conviction or sentence. *See Heck*, 512 U.S. at 486-7. Winding all ready sought this relief and that petition was denied in *Winding v. King, et al.*; Civil Action No. 5:5cv178DCB-MTP, Docs. 53, 54.

Winding contends that he is entitled to bring an action under § 1983 for his "illegal arrest and detention." [25, p. 2.] He claims that he was never charged with sexual battery, so that there should not have been a conviction or sentence imposed for this crime. [25, p. 1.] This allegation does not challenge a condition of Winding's confinement, but rather, challenges the fact that he is actually confined under that charge. Although brought as a § 1983 claim, Winding's claims were properly brought in his petition for *habeas corpus*.

Under *Heck*, when a state prisoner brings a 1983 suit based on his conviction, the Court must first determine if a judgment in favor of the plaintiff in the § 1983 action would imply that the conviction or sentence was invalid. *Heck*, 512 U.S. at 486. If so, the plaintiff must show that his conviction was reversed on direct appeal, expunged by executive order, invalidated by other state means, or called into question by the issuance of a federal *habeas* writ. *Heck,* 512 U.S. at 486-7; *Penley v. Collin County, Tex.*, 446 F.3d 572, 573 (5th Cir. 2006), *cert. denied* 549 U.S.

883 (2006).

A false arrest is a form of false imprisonment, which requires "detention without legal process." *Wallace v. Kato,* 549 U.S. 384, 388-9 (2007). Because an essential element of Winding's claim in this case is that the arrest/imprisonment was illegal or without legal authority, granting relief on his claim would necessarily imply the invalidity of Plaintiff's convictions. *See Club Retro, L.L.C. v. Hilton,* 568 F.3d 181, 204 n.18 (5th Cir. 2009). Accordingly, in this case, Winding's claims for damages are *Heck*-barred since a finding that he was falsely arrested or imprisoned on the sexual battery charges would invalidate his conviction on that charge which stemmed from the same incident. *See Connors v. Graves,* 538 F.3d 373, 378 (5th Cir. 2008). In addition, Winding has not demonstrated that his convictions or sentences were reversed, invalidated, or expunged by his *habeas* petition prior to bringing this suit under § 1983. *See Hamilton v. Lyons,* 74 F.3d 99, 103 (5th Cir. 1996). Accordingly, the Court recommends that the claims in this case be dismissed.

I. Statute of Limitations

Even if Winding's claims were not barred under *Heck*, the claims would fail for other reasons. First, the Defendants correctly point out that the claims are barred by the statute of limitations. [42, p. 3.]

The Supreme Court has held that the statute of limitations for a § 1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim arose. *Wilson v. Garcia,* 471 U.S. 261, 279–280 (1984); *Piotrowski v. City of Houston,* 51 F.3d 512, 514 n.5 (5th Cir. 1995). The relevant limitations period in Mississippi is three years from the day the cause of action accrues. MISS.CODE ANN. § 15-1-49 (2003); *see also James v. Sadler,* 909

F.2d 834, 836 (5th Cir. 1990) (in § 1983 suit, finding "the three year residual period provided by Section 15-1-49, Miss. Code Ann. applies").

Here, Winding essentially complains that he was falsely accused, arrested on false accusations, and ultimately unlawfully imprisoned. *Perry v. Holmes,* 152 F. App'x 404, 405 (5th Cir.2005) (false imprisonment claims barred by *Heck* ); *accord Wallace,* 549 U.S. at 393-4 (holding that *Heck* does not apply to anticipated convictions but stating in dictum that a false imprisonment claim which impugns a conviction would be barred by *Heck*.) When an arrest is followed by criminal proceedings, the statute of limitations for claims for false arrest "begins to run at the time the claimant becomes detained pursuant to legal process" not when the criminal prosecution terminates in favor of the accused. *Wallace v. Kato,* 549 U.S. 384, 396 (2007); *Mapes v. Bishop,* 541 F.3d 582, 584 (5th Cir. 2008).

In this case, Winding was arrested in September 2002. *Winding*, 908 So.2d at 167. A timely filed action under § 1983 based on this arrest would have to be brought by September 2005. This lawsuit was filed May 12, 2012, nearly seven years following the running of the statute of limitations on the suit. [1, p. 1.] The Court further recommends that the suit be dismissed as barred by the statute of limitations.

II.  Claims against Christopher Epps

Section 1983 does not create supervisory or *respondeat superior* liability. *Alton v. Tex. A & M Univ.,* 168 F.3d 196, 200 (5th Cir. 1999). In addition, the Eleventh Amendment bars official-capacity claims for money damages against prison officials. *Oliver v. Scott,* 276 F.3d 736, 742 (5th Cir. 2002). Winding's claims against Epp in his official capacity are barred under these principles.

In addition, any claims against Epps acting in his individual capacity are barred because Winding has not identified specific policies implemented by Epps which caused the alleged constitutional violation in this case. "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein,* 923 F. Supp. 931, 943 (S.D. Tex.1996) (citing *Murphy v. Kellar,* 950 F.2d 290, 292 (5th Cir. 1992)). Supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins v. Belt,* 828 F.2d 298, 304 (5th Cir. 1987). No such evidence is present in this case and the Court recommends that any claims against Epps acting in either his individual or official capacity be dismissed.

III.  Claims Against Judge Lillie Blackmon Sanders and District Attorney Ronnie Harper

Absolute immunity confers full exemption from liability to certain officials including judges performing judicial acts within their jurisdiction, and prosecutors in the performance of their official functions. *Yaselli v. Goff*, 275 U.S. 503 (1927); *O'Neal v. Mississippi Bd. of Nursing*, 113 F.3d 62, 65 (5th Cir. 1997). Accordingly, the Court finds that Sanders has absolute immunity from suit in this case, and should be dismissed with prejudice from this suit.

Prosecutors function as judicial officer, and are afforded absolute immunity for their conduct in "initiating a prosecution and in presenting the State's case." *See Imbler v. Pachtman*, 424 U.S. 409, 430-1 (1976). Winding contends that Harper violated his constitutional rights by securing a conviction for sexual battery. Harper was acting in his prosecutorial manner when he did so and is entitled to absolute immunity as such. *McGruder v. Necaise*, 733 F.2d 1146 (5th

8

Cir. 1984). The Court concludes that any claims against Harper should be dismissed with prejudice.

IV. Claims Against Adams County Jail and Natchez PD

42 U.S.C. § 1983 imposes liability upon any person who, acting under the color of state law, deprives another of federally protected rights. *White v. Thomas*, 660 F. 2d 680, 693 (5th Cir. 1981). It neither provides a general remedy for the alleged tort of state officials, nor opens the federal courthouse doors to relieve complaints of all who suffer injury at the hands of the state or its officers. Municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 694 (1978). *Monell* and later decisions reject municipal liability predicated on *respondeat superior*, because the text of section 1983 will not bear such reading. *Board of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell*, 436 U.S. at 691.

A suit against a governmental agent or officer in his official capacity is a suit against the office that the employee holds and not against the actual employee. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). The three requirements for municipal liability outlined in *Piotrowski* are necessary in order to distinguish between individual violations by local employees and those that can be fairly attributed to conduct by the governmental entity itself. *See Piotrowski*, 237 F.3d at 578-9. The United States Supreme Court has clearly emphasized the necessity of an official policy as a predicate to recovery under a theory of municipal liability:

9

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell*, 436 U.S. at 695. Therefore, municipalities may not be held liable for acts of lower level employees, but may be held liable for constitutional violations committed pursuant to an official policy or custom. *Piotrowski*, 237 F.3d at 578.

Not only must Winding establish that a policy or custom of the municipality was the "moving force" behind the alleged violation of a constitutional right; he must also establish that the municipality was "deliberately indifferent" to the known consequences of the policy. *Id.* at 580; *see Lawson v. Dallas County*, 286 F.3d 257, 264 (5th Cir. 2002) ("[T]he municipality must maintain its official policy with deliberate indifference to a constitutionally protected right."). Deliberate indifference is an objective standard which encompasses "not only what the policymaker actually knew but what he should have known, given the facts and circumstances surrounding the official policy and its impact on the plaintiff's rights." *Lawson*, 286 F.3d at 264. The plaintiff bears an "extremely heavy burden" in establishing both the municipality's deliberate indifference and a causal link between the alleged custom and the alleged constitutional violation. *Peters v. City of Biloxi*, 57 F. Supp.2d 366, 376 (S.D. Miss. 1999); *see Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998); *Piotrowski*, 237 F.3d at 580 (stating that these two requirements "must not be diluted")

The Adams County Jail asserts that it can only be held liable under § 1983 if "the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such a deprivation." *Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011). To the

10

extent Winding brings this action against either the Adams County Jail or the Natchez PD in its official capacity, he must establish a constitutional violation and in addition must satisfy the test for official capacity liability. This test requires him to establish three things: first, that the Natchez PD and Adams County Jail had an official policy, practice or custom which would subject them to section 1983 liability; second, that the official policy is linked to the constitutional violation(s); and third that the official policy reflects the police department's deliberate indifference to that injury. *See Lawson*, 286 F.3d at 263.

Winding fails to allege the existence of an official policy causing violations of his constitutional rights. Winding must establish that a policy or custom of the municipality was the "moving force" behind the alleged violation of a constitutional right, and he must also establish that the municipality was "deliberately indifferent" to the known consequences of the policy. Winding bears a heavy burden in establishing both the municipality's deliberate indifference and a causal link between the alleged custom and the alleged constitutional violation. *Peters*, 57 F.Supp. 2d at 376. Deliberate indifference is the subjective intent to cause harm, and it cannot be inferred from an official's failure to act reasonably. It is not the same as negligence. *Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996). Negligent conduct by an official cannot be the basis for a due process claim. *Id.* at 646. Winding has offered no evidence creating a genuine issue of material fact that the Adams County Jail or Natchez PD were deliberately indifferent to any known consequences of an existing unconstitutional policy. Thus, the Defendants are not liable to Winding in their official capacities.

In addition, a city police department "is not a proper party defendant" in a civil rights suit arising from the purported actions of the City's police officers. *Parker v. Ft. Worth Police Dep't*,

980 F.2d 1023, 1025-6 (5th Cir. 1993) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991)). To survive a motion to dismiss, Winding is required to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Winding has not alleged any misconduct on the part of the Natchez PD or the Adams County Jail. The Court finds that Winding has failed to state a claim against either the Adams County Jail or Natchez PD pursuant to § 1983, and he has failed to plead any facts that state a plausible basis for recovery against either of these defendants. Therefore, the Court finds that the Adams County Jail and the Natchez PD should be dismissed with prejudice from this lawsuit.

V.     Claims Against Kevin Colbert

Colbert asserts that any claims brought against him must be dismissed because he did not act "under color of state law" when he represented Winding as an indigent defendant in the underlying trial. [44, p. 1.] A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 325 (U.S. 1981). The Court, therefore, recommends that any claims asserted against Colbert should be dismissed with prejudice

**CONCLUSION**

None of Winding's claims challenge a condition of his confinement, rather, Winding's complaint challenges the fact that he is actually confined. Thus, Winding's claims should be dismissed for failing to first achieve favorable termination of his available state or federal *habeas* opportunities challenging his underlying conviction. Alternatively, if his claims were analyzed under 42 U.S.C. § 1983 jurisprudence, this Court is of the opinion that Winding fails to meet his

burden of establishing a claim against the Adams County Jail, the Natchez PD, Craig Godbold, Christopher Epps, Ronnie Harper, Lillie Blackmon Sanders, or Kevin Colbert, and that any claims against these defendants should be dismissed with prejudice. Therefore, the Court recommends that the Defendants' Motions to Dismiss [12, 36, 41, and 44] should be granted, and that all claims against these Defendants should be dismissed with prejudice, both in their individual and official capacities.

In addition, the Court recommends that Winding's Motions to Amend [14, 15] to Add New Defendants; Motion to Amend [16, 26] to Add New Relief Sought; Motion to Compel [18]; Motion to Strike [25] the Motion to Dismiss filed by Adams County Mississippi; Motions to Appoint Counsel [28, 40]; Motion to Amend/Correct [29] Notice of Removal; Motion to Amend [30] and Submit Adams County, Mississippi; Motion for Default Judgment [31] against Kevin Colbert, Craig Godbold and Natchez PD; Motion to Supplement Kidnapping Charge [46]; Motion to Strike [49]; Motion for Partial Summary Judgment [50]; Motions for Sanctions [51, 56]; Motion for Entry of Default [52] against Kevin Colbert; Motion to Submit NCIS Report [53]; Motion to Bring Claim of Malicious Prosecution [54]; Motion to Bring Claim of Conspiracy [55]; Motion to Submit Letter [57] from NAACP; and Motion to Request Jury Trial [58] be denied as moot.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than November 13, 2012, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further

evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

This the 29th day of October, 2012.

                                          s/John M. Roper
                                 CHIEF UNITED STATES MAGISTRATE JUDGE