IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JAMES WINDING, #K8115                                              PLAINTIFF

VS.                              CIVIL ACTION NO. 5:12-cv-88(DCB)(JMR)

LILLIE BLACKMON SANDERS;
ADAMS COUNTY JAIL; CRAIG GODBOLD;
KEVIN COLBERT; NATCHEZ POLICE DEPARTMENT;
CHRISTOPHER EPPS; and RONNIE HARPER                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on Motions to Dismiss filed by defendants Adams County Jail **[12]**; City of Natchez, Mississippi, Police Department ("Natchez PD") and Craig Godbold **[36]**; Christopher Epps, Ronnie Harper, and Lillie Blackmon Sanders **[41]**; and Kevin Colbert **[44]**. Also before the Court are the plaintiff James Winding's Motions to Amend to Add New Defendants **[14, 15]**; Motion to Amend to Add New Relief Sought **[16]**; Motion to Compel Issuance of Summonses **[18]**; Motions to Strike the Motion to Dismiss filed by Adams County Mississippi, and to Amend Complaint **[25, 26]**; Motions to Appoint Counsel **[28, 40]**; Motion to Amend/Correct Notice of Removal **[29]**; Motion to Amend and Submit Adams County, Mississippi **[30]**; Motion for Default Judgment against Kevin Colbert, Craig Godbold and Natchez PD **[31]**; Motion to Supplement Kidnapping Charge **[46]**; Motion to Strike the defendants' Motions to Dismiss **[49]**; Motion for Partial Summary Judgment **[50]**; Motion for Sanctions against defendant Kevin Colbert **[51]**; Motion for Entry of

Default against defendant Kevin Colbert **[52]**; Motion to Submit NCIS Report **[53]**; Motion to Bring Claim of Malicious Prosecution **[54]**; Motion to Bring Claim of Conspiracy **[55]**; Motion for Sanctions against all defendants **[56]**; Motion to Submit Letter from NAACP **[57]**; and Motion to Request Jury Trial **[58]**.

On October 29, 2012, Chief Magistrate Judge John M. Roper entered a Report and Recommendation **[70]**, and on November 9, 2012, the plaintiff entered Objections thereto. On the same day, the plaintiff filed a Motion to Re-Open All Motions with Written Opinions **[73]**, a Motion to Supplement his Objections **[74],** and a Second Motion to Supplement his Objections **[75]**. Having carefully considered the above pleadings and the Report and Recommendation, and being fully advised in the premises, the Court finds as follows:

The plaintiff filed this action in the Circuit Court of Hinds County, Mississippi, on May 21, 2012, and it was removed to this Court. On September 24, 2003, Winding was convicted in the Circuit Court of Adams County, Mississippi, on charges of kidnapping and sexual battery. Winding v. State, 908 So.2d 163, 164 (Miss. App. 2005). According to Winding, he was never arrested, fingerprinted or booked on a charge of sexual battery, only on the kidnapping charge. He contends that he is a victim of unlawful arrest and that he is entitled to damages for this claim. Winding asserts that he can maintain a cause of action under § 1983 for illegal

2

arrest and detention.

Adams County asserts that the statute of limitations has run on any claims Winding might advance relating to the September 24, 2003, conviction. Adams County also asserts that Winding's claims are barred under Heck v. Humphrey, 512 U.S. 477 (1994). Natchez PD asserts that it cannot be sued as a party, since a police department is not a separate legal entity aside from the City itself which is subject to suit. In addition, Natchez PD and Godbold assert that they are entitled to dismissal under Heck v. Humphrey because Winding cannot challenge the validity of a criminal conviction in a civil suit brought under 42 U.S.C. § 1983. See Collins v. Ainsworth, 177 Fed. Appx. 377, 379 (5th Cir. 2005). Christopher Epps (Commissioner of the Mississippi Department of Corrections), District Attorney Ronnie Harper, and Circuit Court Judge Lillie Blackmon-Sanders also assert that the claims brought against them should be dismissed under Heck v. Humphrey. These defendants also argue that Winding's claims brought under § 1983 are barred by the general three-year statute of limitations under Mississippi Code Annotated § 15-1-49. Finally, these defendants assert that the claims against Harper and Blackmon-Sanders are barred by absolute immunity. Attorney Kevin Colbert moves for dismissal, asserting that he did not act "under color of state law" when he represented Winding as an indigent defendant in Winding's criminal trial.

Winding alleges that all named defendants conspired together to place him in prison on a sexual battery charge based on a "nonexistent federal NCIC report." He claims that Adams County Jail's contentions concerning the applicability of Heck v. Humphrey to this case "fall short" because he was never charged for sexual battery and should never have been convicted or sentenced on that charge.

Under Fed.R.Civ.P. 12(b), all allegations in the complaint are accepted as true and all inferences are drawn in favor of the non-moving party. Bustos v. Martini Club Inc., 599 F.3d 458, 461 (5th Cir. 2010). Those facts, "taken as true, [must] state a claim that is plausible on its face." Amacker v. Renaissance Asset Mgmt. LLC, 657 F.3d 252, 254 (5th Cir. 2011). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662 (2009).

In his Report and Recommendation, Magistrate Judge Roper explains that federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. See Muhammad v. Close, 540 U.S. 749, 751 (2004). Where the success in a prisoner's § 1983 damages action would implicitly question the validity of his conviction or duration of his sentence, the

litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence. See Heck, 512 U.S. at 486-7. Winding already sought this relief, and his petition was denied in Winding v. King, et al., Civil Action No. 5:5-cv-178(DCB)(MTP), Final Judgment of July 3, 2007 (docket entry 54).

Winding contends that he is entitled to bring an action under § 1983 for his "illegal arrest and detention." He claims that he was never charged with sexual battery, so that there should not have been a conviction or sentence imposed for this crime. This allegation does not challenge a condition of Winding's confinement, but challenges the fact that he is actually confined under that charge. Although brought as a § 1983 claim, Winding's claims were properly brought in his petition for habeas corpus. Under Heck v. Humphrey, when a state prisoner brings a § 1983 suit based on his conviction, the Court must first determine if a judgment in favor of the plaintiff in the § 1983 action would imply that the conviction or sentence was invalid. Heck, 512 U.S. at 486. If so, the plaintiff must show that his conviction was reversed on direct appeal, expunged by executive order, invalidated by other state means, or called into question by the issuance of a federal habeas writ. Heck, 512 U.S. at 486-7; Penley v. Collin County, Tex., 446 F.3d 572, 573 (5th Cir. 2006).

A false arrest is a form of false imprisonment, which requires

"detention without legal process." Wallace v. Kato, 549 U.S. 384, 388-89 (2007). Because an essential element of Winding's claim in this case is that the arrest/imprisonment was illegal or without legal authority, granting relief on his claim would necessarily imply the invalidity of Plaintiff's convictions. See Club Retro, L.L.C. v. Hilton, 568 F.3d 181, 204 n.18 (5th Cir. 2009). Accordingly, Winding's claims for damages are Heck-barred since a finding that he was falsely arrested or imprisoned on the sexual battery charges would invalidate his conviction on that charge which stemmed from the same incident. See Connors v. Graves, 538 F.3d 373, 378 (5th Cir. 2008). In addition, Winding has not demonstrated that his convictions or sentences were reversed, invalidated, or expunged by his habeas petition prior to bringing this suit under § 1983. See Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996). Magistrate Judge Roper therefore recommends that Winding's claims be dismissed.

The Report and Recommendation further finds that even if Winding's claims were not barred under Heck v. Humphreys, the claims would fail for other reasons. First, the claims are barred by the statute of limitations. The Supreme Court has held that the statute of limitations for a § 1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim arose. Wilson v. Garcia, 471 U.S. 261, 279-80 (1984); Piotrowski v. City of Houston, 51 F.3d 512, 514 n.5 (5th

Cir. 1995). The relevant limitations period in Mississippi is three years from the date the cause of action accrues. Miss. Code Ann. § 15-1-49 (2003); see also James v. Sadler, 909 F.2d 834, 836 (5th Cir. 1990)(in § 1983 suit, finding "the three year residual period provided by Section 15-1-49, Miss. Code Ann. applies"). Winding complains that he was falsely accused, arrested on false accusations, and ultimately unlawfully imprisoned. See Perry v. Holmes, 152 F. Appx. 404, 405 (5th Cir. 2005)(false imprisonment claims barred by Heck); accord Wallace, 549 U.S. at 393-94 (holding that Heck does not apply to anticipated convictions but stating in dictum that a false imprisonment claim which impugns a conviction would be barred by Heck). When an arrest is followed by criminal proceedings, the statute of limitations for claims for false arrest "begins to run at the time the claimant becomes detained pursuant to legal process," not when the criminal prosecution terminates in favor of the accused. Wallace v. Kato, 549 U.S. 384, 396 (2007); Mapes v. Bishop, 541 F.3d 582, 584 (5th Cir. 2008).

In this case, Winding was arrested in September of 2002. Winding, 908 So.2d at 167. A timely filed action under § 1983 based on this arrest would have to be brought by September 2005. This lawsuit was filed May 12, 2012, nearly seven years following the running of the statute of limitations. Thus, this suit must be dismissed as barred by the statute of limitations.

The claims against the remaining defendants are likewise

7

insufficient.  Section 1983 does not create supervisory or respondeat superior liability for supervisory officials such as the Commissioner of the Mississippi Department of Corrections.  In addition, the Eleventh Amendment bars official-capacity claims for money damages against prison officials.  Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002).  Winding's claims against Epps in his official capacity are barred under these principles.  In addition, any claims against Epps acting in his individual capacity are barred because Winding has not identified any specific policies implemented by Epps which caused the alleged constitutional violation, see Jolly v. Klein, 923 F. Supp. 931, 943 (S.D. Tex. 1996), and Winding has not alleged that Epps was personally involved in the alleged constitutional violation.  See Murphy v. Kellar, 950 F.2d 290, 292 (5th Cir. 1992).

Claims against Judge Lillie Blackmon-Sanders and District Attorney Ronnie Harper are barred by the doctrine of absolute immunity, which confers full exemption from liability to, inter alia, judges performing judicial acts within their jurisdiction, and prosecutors in the performance of their official functions. Yaselli v. Goff, 275 U.S. 503 (1927); O'Neal v. Mississippi Bd. of Nursing, 113 F.3d 62, 65 (5th Cir. 1997).  The Court finds that the claims against Blackmon-Sanders and Harpers must be dismissed.[1]

---

[1] In his objections to the Report and Recommendation, Winding concedes to the dismissal of Blackmon-Sanders. Objections, p. 6.

As for the claims against the Adams County Jail and the Natchez PD, municipal liability under § 1983 requires proof of three elements: a policymaker, an official policy, and a violation of constitutional rights whose "moving force" is the policy or custom. Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001); Monell v. Dep't of Soc. Services, 436 U.S. 658, 694 (1978). Not only must Winding establish that a policy or custom of the municipality was the "moving force" behind the alleged violation of a constitutional right; he must also establish that the municipality was "deliberately indifferent" to the known consequences of the policy. Piotrowski, 237 F.3d at 580. As set forth in the Report and Recommendation, Winding fails to allege that the existence of an official policy caused a violation of his constitutional rights. Furthermore, he has failed to allege any misconduct on the part of the Adams County Jail or the Natchez PD, and does not state a claim under § 1983 against either defendant.

Finally, all claims against Kevin Colbert must be dismissed because a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Polk County v. Dodson, 454 U.S. 312, 325 (1981).[2]

None of Winding's claims challenge a condition of his

---

[2] In his objections to the Report and Recommendation, Winding concedes to the dismissal of Colbert. Objections, p. 8.

confinement; rather, his complaint challenges the fact that he is actually confined. Thus, his claims must be dismissed for failing to first achieve favorable termination of his available state or federal habeas opportunities challenging his underlying conviction. Alternatively, analyzing his claims under § 1983 jurisprudence reveals that Winding fails to meet his burden of establishing claims against the Adams County Jail, the Natchez PD, Craig Godbold, Christopher Epps, Ronnie Harper, Lillie Blackmon-Sanders, and Kevin Colbert.

Winding seeks to amend his complaint to add as defendants "Jim Hood [Attorney General of the State of Mississippi], Governor P. Bryant, State Hospital, F.B.I. and State of Mississippi," Motion to Amend (docket entry 14), and to add "public defender David Reed." Motion to Amend (docket entry 15). Because the plaintiff's motions fail to state a claim against any of the proposed defendants, it would be futile to allow plaintiff leave to amend.

Winding also seeks to amend his complaint to add a request for additional relief. Motion to Amend (docket entry 16). Inasmuch as the plaintiff has failed to state a claim, an amendment to add a prayer for additional relief would be futile. The plaintiff also seeks to add a claim of "unlawful arrest" against the Adams County Jail. Motions to Amend (docket entries 25, 26). The plaintiff has failed to provide any legal basis for this claim, and the motions shall therefore be denied.

Winding also seeks to bring federal criminal charges against the defendants for kidnapping. Motion to Supplement (docket entry 46). The Court is without jurisdiction to grant this sort of relief. See Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990). Finally, the plaintiff seeks to add claims of malicious prosecution (Motion to Bring Claim, docket entry 54) and conspiracy (Motion to Bring Claim, docket entry 55) against the defendants. To the extent that the plaintiff is seeking to add state law claims, the Court finds that all the plaintiff's federal claims must be dismissed with prejudice, and therefore declines to entertain any state law claims against the defendants. Insofar as the plaintiff is asserting alternative grounds for relief under § 1983, he fails to show that he is entitled to any relief for the reasons set forth in the Report and Recommendation. The motions to bring additional claims shall therefore be denied.

The Report and Recommendation also addresses a number of procedural motions filed by the plaintiff, all of which are moot in light of the disposition of this case and shall therefore be denied as moot.

The plaintiff's objections to the Report and Recommendation include allegations that he was prevented from filing a § 1983 action because of an injury to his hand in October of 2004. He has produced medical records verifying the injury. He fails, however, to support his allegations with any facts showing how he was

11

prevented from filing a § 1983 action. Moreover, as the Report and Recommendation explains, the plaintiff's claims are habeas in nature. Winding has already sought, and been denied, habeas relief. The remainder of the plaintiff's objections are without merit for the reasons set forth in the Report and Recommendation.

After an independent review of the Report and Recommendation and the record, including the plaintiff's objections, the Court concurs with the findings of the Magistrate Judge and finds that this action shall be dismissed with prejudice. Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation **[70]** of Cheif Magistrate Judge John M. Roper is ADOPTED as the findings and conclusions of this Court;

FURTHER ORDERED that all the plaintiff's Objections, including his Motion to Supplement Objections **[74],** and Second Motion to Supplement Objections **[75]** are DENIED, and his Motion to Re-Open All Motions with Written Opinions **[73]** is DENIED AS MOOT;

FURTHER ORDERED that the Motions to Dismiss filed by defendants Adams County Jail **[12]**; City of Natchez, Mississippi, Police Department and Craig Godbold **[36]**; Christopher Epps, Ronnie Harper, and Lillie Blackmon Sanders **[41]**; and Kevin Colbert **[44]** are GRANTED, and said defendants shall be dismissed with prejudice;

FURTHER ORDERED that the plaintiff's Motions to Amend to Add New Defendants **[14, 15]** and Motion to Amend to Add New Relief Sought **[16]** are DENIED;

FURTHER ORDERED that the plaintiff's Motions to Amend Complaint **[25, 26],** Motion to Supplement Kidnapping Charge **[46]**, Motion to Bring Claim of Malicious Prosecution **[54]**, and Motion to Bring Claim of Conspiracy **[55]** are DENIED;

FURTHER ORDERED that the plaintiff's Motion to Compel Issuance of Summonses **[18]**; Motions to Strike the Motion to Dismiss filed by Adams County Mississippi, and to Amend Complaint **[25, 26]**; Motions to Appoint Counsel **[28, 40]**; Motion to Amend/Correct Notice of Removal **[29]**; Motion to Amend and Submit Adams County, Mississippi **[30]**; Motion for Default Judgment against Kevin Colbert, Craig Godbold and Natchez PD **[31]**; Motion to Strike the defendants' Motions to Dismiss **[49]**; Motion for Partial Summary Judgment **[50]**; Motion for Sanctions against defendant Kevin Colbert **[51]**; Motion for Entry of Default against defendant Kevin Colbert **[52]**; Motion to Submit NCIS Report **[53]**; Motion for Sanctions against all defendants **[56]**; Motion to Submit Letter from NAACP **[57]**; and Motion to Request Jury Trial **[58]** are DENIED AS MOOT.

A Final Judgment dismissing this action with prejudice shall issue forthwith.

SO ORDERED, this the 6th day of March, 2013.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE