```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION


JAMES WINDING, #K8115                                      PLAINTIFF

VS.                           CIVIL ACTION NO. 5:12-cv-88(DCB)(JMR)

LILLIE BLACKMON SANDERS;
ADAMS COUNTY JAIL; CRAIG GODBOLD;
KEVIN COLBERT; NATCHEZ POLICE DEPARTMENT;
CHRISTOPHER EPPS; and RONNIE HARPER                        DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the plaintiff James Winding's Motion to Reopen Case and to Consolidate Cases (docket entry 79), on the Report and Recommendation filed by Chief Magistrate Judge John M. Roper (docket entry 80), and on the objections thereto filed by the plaintiff (docket entry 81). Having carefully considered the same, and being fully advised in the premises, the Court finds as follows:

The Final Judgment dismissing this case with prejudice was entered on March 6, 2013. The plaintiff did not file a notice of appeal within 30 days of the entry of judgment, nor did he timely file a Fed.R.Civ.P. 59(e) motion within 28 days, which would have suspended the time for filing a notice of appeal. Instead, he filed his present motion to reopen the case on April 24, 2013, some 49 days after entry of judgment. On May 24, 2013, Magistrate Judge Roper entered his Report and Recommendation, recommending denial of the motion to reopen and the motion to consolidate. The plaintiff filed objections on June 4, 2013.

Because he failed to file a motion to reopen within 28 days from the date of entry of judgment, Winding's motion must be construed as a Rule 60(b) motion, which provides that a district court may relieve a party from a final judgment for reasons that include (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) any other reason justifying relief from the operation of the judgment. Fed.R.Civ.P. 60(b).  A motion filed pursuant to Rule 60(b)(6) requires a showing of "extraordinary circumstances."  Hess v. Cockrell, 281 F.3d 212, 216 (5th Cir. 2002).

Winding offers no argument that his postjudgment motion presents a meritorious basis for relief under Rule 6(b)(1)-(5). Nor does he show "any other reason justifying relief" or "exceptional circumstances" under Rule 6(b)(6).  Furthermore, Winding's motion is untimely.  Rule 60(c) requires that a Rule 60(b)(6) motion "be made within a reasonable time."  Fed.R.Civ.P. 60(c)(1).  What constitutes a "reasonable time" depends on the facts of the case, "taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the prejudice to other parties."  Travelers Ins. Co. v. Liljeberg Enterprises, Inc., 38 F.3d 1404, 1410 (5th Cir. 1994)(quoting

2

Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981)). The plaintiff gives no reason for his delay, nor does he allege an inability to assert his grounds for relief earlier (in fact, he raised substantially the same grounds for relief prior to entry of the final judgment).

When the moving party has failed to appeal the judgment challenged in the Rule 60(b) motion, "the usual time period for direct appeal presumptively delimits, as a matter of law, the 'reasonable time' contemplated by Rule 60(b)." Pryor v. U.S. Postal Serv., 769 F.2d 281, 288 (5th Cir. 1985). "In such cases, a Rule 60(b) motion filed after the time for appeal has lapsed is untimely unless the moving party shows good cause for the later filing." Groden v. Allen, 2009 WL 1437834, *6 (N.D. Tex., May 22, 2009)(citing Pryor, 769 F.2d at 288). The determination of whether there is good cause is made by the court "on a case-by-case basis." In re Osborne, 379 F.3d 277, 283 (5th Cir. 2004). "What amounts to 'good cause' under any particular set of circumstances is necessarily fact-sensitive." Lindsey v. U.S. R.R. Retirement Bd., 101 F.3d 444, 446 (5th Cir. 1996)(discussing good cause in the context of Fed.R.Civ.P. 4(m)). In this case, however, the plaintiff makes no allegations whatsoever concerning good cause.

Rule 60(b)(6) is not available when the movant has voluntarily, deliberately, and freely chosen not to appeal. Ackermann v. United States, 340 U.S. 193, 199-200 (1950). A Rule

3

Case 5:12-cv-00088-DCB-JMR   Document 82   Filed 08/09/13   Page 4 of 5

60(b) motion "is not a substitute for appeal, and it is ordinarily not available to one who fails to appeal." Fackelman v. Bell, 564 F.2d 734, 737 (5th Cir. 1977). In Klapprott v. United States, the Supreme Court found that Rule 60(b)(6) could be available despite a failure to appeal if "extraordinary circumstances" could be shown. 335 U.S. 601, 615 (1949). However, Winding has failed to make a showing of good cause, and has therefore failed to show "extraordinary circumstances." See Groden, 2009 WL 1437834, *7 n.4 ("Because [petitioner] has not shown good cause for filing his Rule 60(b) motion outside the time for appeal, he has necessarily not made the more difficult showing of 'extraordinary circumstances' within the meaning of Klapprott to obtain relief under Rule 60(b)(6)."). The plaintiff himself is responsible for the delay. He made no attempt to file his motion until well after the time for appeal had expired – even though he knew the factual basis for his motion before the Court entered the judgment against him; therefore, the motion is untimely.

For the foregoing reasons, the plaintiff's motion shall be denied. It therefore follows that the case cannot be consolidated (the Court also notes that the case with which the plaintiff seeks consolidation was itself closed on May 10, 2013).

Accordingly,

IT IS HEREBY ORDERED AS FOLLOWS:

The Report and Recommendation filed by Chief Magistrate Judge

John M. Roper **(docket entry 80)** is ADOPTED as the findings of this Court;

The plaintiff James Winding's Motion to Reopen Case and to Consolidate Cases (docket entry 79) is DENIED.

SO ORDERED, this the 9th day of August, 2013.

/s/ David Bramlette<br>UNITED STATES DISTRICT JUDGE